Siano Enders v. Boone Okay, Ms. Nephew. Nephew, Your Honor. Good morning. May it please the Court. Your Honors, in Plaintiff's statement of the material facts in this case, she said, Mannion was briefed that the findings of the investigation into her behavior were that Plaintiff was doing campaign work on work time. Based on that version, Plaintiff's version of the facts, the District Court erred in denying defendants qualified immunity. Any reasonable jury would find that... Does that speak to, I mean, in the briefing, this idea that there was a legitimate reason for the firing and that Mannion received information that could properly be used to terminate her? That doesn't speak to the issue of if that was not the reason that she was terminated. If, in fact, she was terminated, not because of that, but because of the retaliation, doesn't that leave the question open then? No, because under Mount Healthy and its progeny, if there's a dual motivation, then even if there's a question of fact as to whether there was a retaliatory motive, there is still objectively reasonable for anyone in defendant's position to believe that there was a non-retaliatory reason to fire a plaintiff, which was her repeated disobeying of orders. We don't know if Mannion's decision was based on a retaliatory motive. It could be that the other information was not the motive, and so the fact that, yes, if there are two motives, if there's evidence in support of multiple motives, that's something to be resolved, but you're presenting it as if, oh, of course, this other information was her motive or one of her motives. We don't know that. That's a question of her intent. We know that there's this information out here that says, oh, she could have relied on this, but how does that establish that she was relying on that and not on a retaliatory motive? Plaintiff, the question is if any reasonable person in that position would fire someone for this reason. It doesn't matter if that's not actually the reason the person was fired? Yes, because that's why the dual motive doctrine under Mann Healthy exists. If there's a reason that's legitimate and non-infringing, then you don't throw that out with the bathwater. But that they were going to terminate the person anyway? And doesn't the district court in this case say a reasonable jury might conclude, among other things, because she initially just got a warning about campaigning on company time, that maybe they wouldn't have fired her, even if she did campaign on company time, but for some kind of animus about the nature of her campaign? That's conflating the existence, the protected conduct, and the motivation. This is what this court held in Anemone, I'm not sure if I'm pronouncing that right, in which there was the question was not whether the termination would have happened absent the speech, because in that case the last straw was the plaintiff going to the New York Times. The question was, obviously the speech happened. The question is whether it was a retaliatory motive was the sole reason. Let's make it a hypothetical before we apply it to the case. So if in fact there is a policy against campaigning on company time, but they wouldn't necessarily fire the person who's campaigning on company time, and they just fire the people they don't like. They fire just the Republicans or just the Democrats or something. They're just partisan about it. So then it's an impermissible reason that they're terminating the person, even though there is an available legitimate ground. That would still be a problem, right? And so the district court tells us that the facts are such that it's conceivable that a jury could fire a person, but for – despite having campaigned on company time, but for their hostility toward the message of the campaign. They wouldn't have qualified immunity for that, right? Two things, Your Honor. First, I think your hypothetical is more of a perhaps sounding an equal protection rather than the question of retaliation here. And second, there's not actually a dispute that Mannion had this information and that that would be a good reason. Plaintiff isn't arguing that she couldn't be prohibited from engaging in outside activities on work time. That's a legitimate reason to terminate someone's employment. So this is exactly the kind of situation that the Mount Healthy Defense is designed for when there's a possibility of retaliatory motive, but there's also a legitimate reason, then this is not the case. Could the jury conclude that she was terminated because of the campaign and not because of the work during work hours? No, because it was objectively reasonable for anyone in Mannion's position. So let me re-answer the question. That's a question about the merits. We're talking about qualified immunity. And so the question on qualified immunity is not the subjective intent of Mannion or Boone. The question is – No, I need the additional step. So let's assume that it's well established that you can't fire somebody because of the campaign. So if a jury could conclude that here she was fired because of the campaign and not because of the work on company time, doesn't that mean it's possible a jury could conclude that there would be no qualified – that the firing was such that there would be no qualified immunity? No reasonable jury could conclude that because it's undisputed that Mannion was told and had reason to believe that the investigation found based on conversations and facts and that the investigation was reliable that – But the district court judge says even assuming that, I think there's a factual dispute as to this question of what the intent was. Yes, but that's not relevant to qualified immunity because qualified immunity is about what an objectively reasonable person knowing what defendants knew would believe they could do. And any objectively reasonable person in defendants position knowing that they had been told that an investigation found that plaintiffs – So does that mean that your position is even if they fired her because they didn't like her campaign because they fired her in the presence of a valid reason for firing her, which is the conclusion that she was working on company time, there'd be qualified immunity for that because a reasonable government official in that position wouldn't know that they were violating clearly established law. Yes, that's what the qualified immunity doctrine combined with non-healthy means in this case. But why would that be clearly – So if in fact the conclusion is that they're firing her for the campaign, which is retaliation and impermissible, why is it not clearly established that a government official can't do that? They can't use an excuse they have close at hand as a kind of cover for a retaliatory firing? Because non-healthy in its progeny say that if you have impermissible conduct that doesn't – the person who engages in impermissible conduct, such as violating direct orders not to engage in campaign work on campaign – on department time as plaintiff was – as Mannion was told plaintiff did here, they don't get a pass on that because of a potential other retaliatory motive. That non-healthy stands for the proposition that even if there is a mixed motive, so long as they would be fired anyway for the legitimate reason, the existence of the retaliatory motive doesn't prevail. Yes, and then that's again why you've taken the extra step of qualified immunity, which is any reasonable person would have understood that it was permissible in light of the information that Mannion had, that it would not be violating plaintiff's First Amendment rights to fire her under these circumstances. I see that I'm well over time. We'll hear from you again. Thank you. But let's turn to the appellee, Ms. Enders. Thank you. Good morning, judges. So initially I want to point out that this is very similar to the case of Jock v. City of Burlington, of which Judge Lee was also on that panel, which was decided on March 15th of this year, 2024. The issues are that there are factual disputes here. And specifically, my opponent just mentioned that a plaintiff admitted that Mannion was briefed on the results of an investigation. If you look at my 56.1 statement, paragraphs 90 and 91, as well as 92, I admitted that Mannion stated she was briefed on an investigation, but not that I admitted that she was briefed on anything substantive. So if you also, if you look to... So there is a finding by the internal, there is an internal affairs investigation that says that you campaigned on company time, right? No, there isn't actually. There are two documents here. There is a office, the Inspector General's report, which doesn't say that I campaigned on state time. What it says is that there were phone calls that were made during the workday, that there was a number of hours over a number of 30 weeks, and that there was vacation time and personal time charged during that time. So that report does not conclude that there was campaigning on state time. In fact, they looked at everything else as well. Other than the phone calls, they looked at computer usage, they looked at logging into other applications that were used for outside activities, and they found in each of those that none of that had happened. So the only question in the Office of Internal Affairs, I'm sorry, the OIG report, Inspector General's report, was the phone calls. And like I said, they found that there were a number of phone calls over a period of 30 weeks. Cell phone records indicated plaintiff made 33 hours of calls over a 30 week period during work hours to the following people. The report does not indicate they were related to the outside activity, and that 71 hours of personal time was charged by the plaintiff during that same time. So just because calls are made during 9 to 5 doesn't mean that those hours were not charged to personal time. I'm sorry? Because you could take personal time during the day. Absolutely. And up to even 15 minute increments. So why isn't the conclusion from that that maybe there is a question of fact as to whether or not you actually did campaign on company time, but it seems pretty clear that the decision makers here thought that you had and that was their reason for the termination. Because they're only claiming now that they thought that I had. So Mannion admitted during her deposition that she had never seen the Office of Inspector General's report. She had only heard about it. She had indicated also that she had never seen the Office of Internal Affairs information either. She couldn't remember who briefed her. She couldn't remember what they said. So I dispute the fact that she knew anything at the time that she made the decision to fire me. Knowing it afterwards and figuring it out later. What did you say the reason for the termination was? I say that it was personal animosity. It was what? Personal animosity. It was not related to campaigning on state time. Because I did not, there was no campaigning done on state time. But was it related to your campaigning? Was it related to the fact that I did have a campaign? Yes. What does that, how does that relate to personal animosity? Because I think that they, although they approved my activity, they didn't actually want it to happen. So the personal animosity was animosity because you decided to launch a campaign? Yes. I believe so. So you think the reason was the campaign? Yes. Meaning it was free speech. And the reason why a jury could conclude that that was the reason is because it might be that they didn't know about the Inspector General's report or the Inspector General's report didn't reach the conclusion that there actually was that campaigning. Correct. Because Mannion at the time she fired me did not know the contents of the Inspector General's report. So how can that be the reason that she fired me? And as far as the Internal Affairs report goes, also that had, every conclusion in that report was that they didn't find anything. That I had not campaigned on state time. Everything they looked at said didn't do this, didn't do this, didn't do this. And I'd like to point out that even though we appealed some of the discovery, we still never got the Office of Internal Affairs report. I obtained that during a FOIA request prior to filing the litigation. And that's the document that I've been using for litigation because they still haven't turned that over. Okay. Thank you very much Ms. Enders. We'll turn it back to Ms. Neptiv on the phone. Thank you. Your Honors, plaintiff is conflating two different investigations. There was the Office of the Inspector General report into her prior campaign. Defendant Mannion never claimed that she read that. That was sent directly to Defendant Boone. She knew about it and plaintiff doesn't actually dispute that she knew about it and that plaintiff had been disciplined for that. There's also the Office of Internal Affairs document which, if you look at it, it's not actually a report. Plaintiff knows that Mannion didn't look at it. Plaintiff alleged in her statement of material facts that Mannion didn't look at it. So the contents of that report, which do not actually exculpate plaintiff, but the contents of that report can't have affected Mannion's decision because plaintiff herself says that Mannion hadn't seen it. As to whether plaintiff disputed what Mannion was told and what, I'll just refer to page 815 of the Joint Appendix. Our fact was during that briefing, Defendant Mannion learned that the investigation revealed evidence the plaintiff had, in fact, violated the restrictions about not using DTF time and resources to conduct campaign. Response, deny. Defendant Mannion was briefed that findings were that plaintiff was doing campaign work on work time but did not learn specifics. A denial that Mannion did not learn specifics, she concedes. Mannion was briefed that plaintiff was doing campaign work on work time and that concession is sufficient to dispose of this case. Unless the court has further questions. Is it possible that Mannion knew about the finding and said, oh, that's great, I get to fire her because I have animosity because she was campaigning all along? I certainly don't concede that, but regardless as... You think that doesn't matter? Yes, that doesn't matter. The law is not clear that when you have a permissible reason to fire, even if it's not the basis for your firing, you can fire. The law is clear that that is the resistance of a dual motivation permits you to take the adverse action. Okay, if I thought it mattered, is it accurate that a jury could conclude that that's what happened? That they wanted to fire her because of animosity about the campaign and the finding was... That's what the district court found and that's not because of our... I don't agree with it, but... Is that right when we have an interlocutor appeal for qualified immunity if we think the district court just gets the facts totally wrong and there's no way a reasonable jury could conclude that that really is an open question? Do we just lack jurisdiction to consider that question? No, if there's no genuine dispute of fact, then that is also something that gives this court jurisdiction. So then I guess I'm asking, do you think the district court was right or wrong in saying it's possible for a jury to make that conclusion? And I think you're saying that it is possible, so the district court was not wrong about that. You're just saying that that fact wouldn't matter. The arguments... The district court's findings of disputed facts with regard to retaliatory motive are essentially credibility-based, so they're not resolvable here. The facts that are allegedly in dispute as to qualified immunity, the district court found were the existence of retaliatory motive, which isn't relevant, and what OIA found, the Office of Internal Affairs found, based on this internal tracking document, which plaintiff admits that Mannion never saw, and therefore that's not relevant to the question of qualified immunity. Unless the court has questions, we ask that the decision below be reversed. Thank you, Your Honors. Thank you very much, Ms. Nepvev. The case is submitted.